IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN RASHAAN HORSEY, SR.,            *

        Plaintiff,            *

        v.            *    CIVIL ACTION NO. ELH-14-0147

SALISBURY POLICE DEPARTMENT, et al.,            *

        Defendants.            *

*****

## MEMORANDUM

On January 17, 2014, the clerk received for filing Kevin Rashaan Horsey, Sr.'s civil rights complaint seeking "declaratory, anxiety, harassment & injunctive & punitive, nominal damages of $150,000.00 & the officers to be punished." ECF No. 1. Horsey, who is self represented, is currently detained at the Wicomico County Department of Corrections ("WCDC") in Salisbury, Maryland. Horsey's allegations pertain to the lawfulness of his detention.[1] Horsey references a systematic scheme of harassment by law enforcement, including unlawful searches, verbal abuse, and the planting of evidence, all resulting in his continued detention in violation of Maryland Rules and the U.S. Constitution. ECF No. 1 at p. 3 & Attachments.

Horsey appears indigent. Therefore, his motion for leave to proceed in forma pauperis shall be granted. His complaint, however, may not proceed.

---

[1] The Maryland Judiciary website reveals that Horsey currently is being held on various drug charges as well as an assault and malicious destruction of property charge. *State vs. Horsey*, Case Nos. 22K13000777, 22K13000824, 22K13000735 (Circuit Court for Wicomico County). *See* http://casesearch.courts.state.md.us.

A civil rights claim which raises challenges to the constitutionality of incarceration is not appropriate unless and until Horsey's charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Horsey's allegations against defendants are barred by the rule announced in *Heck* as a judgment in his favor would necessarily imply the invalidity of his criminal charges. The *Heck* bar applies whether Horsey is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. *See Smith v. Holtz,* 87 F.3d 108, 113 (3rd Cir. 1996) ("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.") Therefore, his complaint for damages as to his continued detention is barred under the rule of *Heck*.[2] The

---

[2] Insofar as Horsey seeks to compel state authorities to punish law enforcement officers his request sounds in mandamus. Such relief may not be afforded to Horsey. This court does not have jurisdiction over Maryland employees in an action for writ of mandamus. *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Consequently, this court cannot compel Maryland authorities to take the action he seeks.

To the extent Horsey seeks dismissal of the charges against him, such a claim is also not properly before this court. Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief);

instant civil rights action shall be dismissed by separate Order, without prejudice.

Date:  January 29, 2014                              _____/s/_____

                                                     Ellen Lipton Hollander
                                                     United States District Judge

---

*Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  The alleged errors raised by petitioner in the instant case may be addressed by the trial court.  Thus, the petition must be dismissed, without prejudice.